IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-01938-CMA-CBS

TRAVIS CASEY,
DIANA L. CASEY,
ALEXANDRIA CASEY,

    Plaintiffs,

v.

WILLIAMS PRODUCTION RMT COMPANY, a Delaware corporation,
CYCLONE DRILLING, INC., a Wyoming corporation, and
RAYMOND M. DAWKINS,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

This matter is before the Court on Plaintiffs' Motion for Remand to State Court Pursuant to 28 U.S.C. § 1446 (Doc. # 15). For the following reasons, Plaintiffs' Motion is GRANTED and this case is REMANDED to the District Court for Garfield County, Colorado, for all further proceedings. However, the Court reserves jurisdiction for purposes of deciding whether to award Plaintiffs reasonable attorneys fees and costs incurred as a result of the filing of the Notice of Removal and Responses to Plaintiffs' Motion for Remand. *See Lazorko v. Pennsylvania Hosp.* 237 F.3d 242, 247 (3d Cir. 2000) (district court, which had remanded or dismissed all claims before it, still had jurisdiction to impose sanctions).

Also pending is Defendant Cyclone Drilling, Inc.'s Motion for Enlargement of Time to Accept the Notice of Removal (Doc. # 2), which is DENIED.

Plaintiffs seek remand on various grounds, including untimeliness of removal, lack of consent among Defendants regarding removal and lack of diversity jurisdiction. Defendants respond that removal was proper because each served Defendant did in fact consent to removal and diversity jurisdiction is present. However, neither Defendant Cyclone nor Defendant Williams Production RMT (the third Defendant, Raymond M. Dawkins, has not been served) responded to the rather large elephant in the room – the fact that the Notice of Removal was filed more than two months after the statutory deadline. As shown below, Cyclone's and Williams' tardiness in filing the Notice of Removal is, standing alone, a sufficient basis for remand. Accordingly, the Court remands this action to state court and declines to address either of Plaintiffs' alternate bases for remand.

Due to the presumption against removal and the limited nature of federal jurisdiction, courts strictly construe removal statutes and procedural requirements. *See, e.g., Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."); *Cellport Sys., Inc. V. Peiker Acustic GMBH & Co.*, 335 F. Supp. 2d 1131, 1133 (D. Colo. 2004) (noting that removal statutes should be strictly construed). One such statute, 28 U.S.C. § 1446(b), mandates that "[t]he notice of removal of a civil

action or proceeding ***shall*** be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b) (emphasis added); *see also Antares Oil Corp. v. Jones*, 558 F. Supp. 62 (D. Colo. 1983) (remanding action when notice of removal was filed thirty-one days after service of process). Section 1446(b) does not contain an exception to the thirty-day time limit for alternative dispute resolution.

In the instant case, the parties do not dispute that both Cyclone and Williams received service of the "initial pleading setting forth the claim for relief," *i.e.*, the Complaint, on May 30, 2008. Moreover, Defendants do not dispute that they knew that diversity jurisdiction existed at the time they received Plaintiffs' Complaint. Nonetheless, Cyclone did not file the Notice of Removal until September 10, 2008.[1] (*See* Doc. # 1.) As a result, the Notice of Removal was filed 73 days after the 30-day deadline mandated by 28 U.S.C. § 1446(b). The fact that Williams sought and received extensions of time to respond to Plaintiffs' Complaint in state court does not affect the requirements of 28 U.S.C. § 1446(b). *See, e.g., Barker v. Rio Linda Chem. Co., Inc.*, 2001 WL 34098656, *2-*3 (E.D. Cal. 2001) (noting that stay of state court action to allow parties to arbitrate did not alter statutory requirements for removal); 14C Charles

---

[1] Although it should have done so at the time Cyclone filed the Notice of Removal, Williams did not notify the Court of its stance regarding removal until Williams filed its own Response to Plaintiffs' Motion to Remand (Doc. # 23). *See Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) ("As judicially interpreted, § 1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served.").

Alan Wright, et al., Federal Practice & Procedure § 3732 (3d ed 1998) ("the decided cases make it clear that these statutory periods [for removal] will not be extended by . . . various court orders").  To the contrary, such extensions of time contradict Cyclone's contention that the Parties had agreed to "stay" all proceedings pending mediation.  Moreover, the parties could just as easily have attempted mediation after removal and still complied with the statutory time limit in section 1446(b).  But, for whatever reason, Cyclone and Williams waited and missed the thirty-day window to remove this case.  Accordingly, the case will be remanded because Defendants have not complied with the obligatory deadline imposed by 28 U.S.C. § 1446(b).

Despite the fact that the mandatory nature of the thirty-day time limitation set forth in 28 U.S.C. § 1446(b) is well settled, Cyclone nonetheless removed this matter to federal court by filing a Notice of Removal 73 days late.  Moreover, both Cyclone and Williams appear to have demonstrated an unwarranted recalcitrance when they opposed Plaintiffs' Motion for Remand, but failed to address the issue of the untimely filing.  As such, the Court considers Cyclone's and Williams' filings to have been an abuse and waste of the Court's and the parties' time and resources.  Or, put another way, the late filing of the Notice of Removal and the continued disregard of section 1446(b)'s time limits appears to have been done "in bad faith, vexatiously, wantonly, or for oppressive reasons."  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-47 (1991) (noting courts' inherent powers to manage and control litigation); *see also Gates Rubber Co. V. Bando Chem. Indus., Ltd.*, 167 F.R.D. 90, 107-08 (D. Colo. 1996) (same).  As

4

such, Cyclone and Williams shall submit to the Court within ten days of the date hereof an explanation as to why Plaintiffs' request for reasonable fees and costs incurred as a result of having to respond to the Notice of Removal should not be granted.

Plaintiffs' Motion to Remand is GRANTED and this case is REMANDED back to the District Court, County of Garfield, State of Colorado; it is

FURTHER ORDERED that Defendant Cyclone's Motion for Enlargement of Time is DENIED; and it is

FURTHER ORDERED that this Court reserves jurisdiction for the limited purpose of deciding whether to award reasonable attorneys fees and costs to Plaintiffs. Within ten days of the date of this Order, Cyclone and Williams shall submit a brief explaining why the Court should not grant Plaintiffs' request for reasonable costs and fees incurred in responding to the Notice of Removal.

DATED: November __18__, 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge