IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-01938-CMA-CBS

TRAVIS CASEY,
DIANA L. CASEY, and
ALEXANDRIA CASEY,

    Plaintiffs,

v.

WILLIAMS PRODUCTION RMT COMPANY, a Delaware corporation,
CYCLONE DRILLING, INC., a Wyoming corporation, and
RAYMOND M. DAWKINS,

    Defendants.

## AMENDED ORDER GRANTING ATTORNEY FEES AND COSTS

This matter is before the Court *sua sponte*. The Court amends its Order dated January 21, 2009 (Doc. # 45) to correct a typographical error. The name of Richard L. <u>Daly</u> referenced throughout, should read Richard L. <u>Dally</u>.

This matter is before the Court on Plaintiffs' Affidavit Regarding Attorneys Fees and Costs (Doc. # 39). Defendant Cyclone Drilling, Inc. filed an Objection (Doc. # 40), in which Defendant Williams Production RMT Company joined (Doc. # 41). For the reasons described below and pursuant to the Court's November 18, 2008 (Doc. # 32) and December 12, 2008 Orders (Doc. # 38), the Court ORDERS that attorneys fees in the amount of $7,000.00 are hereby awarded to Plaintiffs. Also before the Court is

Plaintiffs' Motion for Leave to Offer Expert Testimony (Doc. # 44), which is DENIED AS MOOT.

## BACKGROUND

Defendants improperly removed this matter from state court well after the mandatory 30-day deadline imposed by 28 U.S.C. § 1446(b). Plaintiffs filed a motion to remand the action to state court and requested attorneys costs and fees incurred in responding to the improper removal. Defendants objected to remand and, by doing so, caused unnecessary delay and expense. The Court remanded this action to state court, but retained jurisdiction for the limited purpose of adjudicating Plaintiffs' request for attorneys fees and costs, which the Court considered appropriate in light of Defendants' clear failure to adhere to 28 U.S.C. § 1446(b). Pursuant to the December 12, 2008 Order, Plaintiffs' counsel, Richard L. Dally, filed an affidavit requesting $16,860.31 in fees and costs (Doc. # 40). Cyclone filed an Objection to the affidavit, contending that Mr. Dally requested compensation for an unreasonable amount of time spent and an unreasonable billing rate. Williams joined in Cyclone's Objection (Doc. # 41).

## STANDARD OF REVIEW

When determining the amount of a legal fee award, this Court must provide a concise and clear explanation of the reasons for the award. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). The Court has discretion in calculating the award and the Court's focus should be on the reasonableness of the fees to be

awarded. *See Huffman v. Saul Holdings, L.P.*, 262 F.3d 1128, 1134 (10th Cir. 2001). The typical method of fee calculation is to multiply a reasonable number of billable hours spent on a particular matter by a reasonable hourly rate for an attorney of similar skill and experience. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). Precedent commonly refers to this calculation as the "Lodestar Method." *Id.*; *see also Case*, 157 F.3d at 1249. The party seeking fees bears the burden of establishing the number of hours expended and the hourly rate. *Case*, 157 F.3d at 1250. The party should submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citing *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

Once the party has submitted adequate time records, the Court must then "winnow" the hours counsel actually expended down to the hours that counsel should have reasonably expended. *Case*, 157 F.3d at 1250. In determining what is a reasonable number of hours, the Court may consider the facts and complexity of the case, strategies used and responses necessitated by opposing parties' legal maneuvering. *Id.* The Court will not compensate duplicative, unnecessary and irrelevant work. *Carter v. Sedgwick County*, 36 F.3d 952, 956 (10th Cir. 1994). In calculating a fee award, the Court does not need to "identify and justify each disallowed hour. Nor is there any requirement that district courts announce what hours are permitted for each legal task." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197,

3

1202 (10th Cir. 1986).  Instead, the Court must provide a sufficient reason to justify its calculation of what constitutes a reasonable number of hours.  *Id.* at 1203.

Regarding the hourly rates charged, the Court should base its award on market evidence of attorney billing rates for similar litigation.  *Case*, 157 F.3d at 1255 (citing *Beard v. Teska*, 31 F.3d 942, 955-57 (10th Cir. 1994)).  Market evidence for lawyers with similar skill and experience in the relevant practice areas will inform the Court's decision on billing rates.  *Ramos*, 713 F.2d at 555.  Only if the record lacks evidence to establish a market rate can the Court rely on outside factors, such as the Court's own knowledge, to determine a reasonable hourly rate.  *See Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir. 1987).

Finally, other expenses may be included in an attorneys fee award if such expenses are typically billed in addition to the attorney's hourly rate.  *See Case*, 157 F.3d at 1258.  Again, the party seeking fees and costs bears the burden of establishing the amount of expenses to which it is entitled.  *Id.*

## **DISCUSSION**

Initially, Cyclone correctly points out that the Court's December 12, 2008 Order directed Plaintiffs to address only those fees and costs related to the Motion for Remand.  Thus, Plaintiffs' request for Mr. Dally's fees related to work performed after November 18, 2008, the date of the Court's Order remanding this case, will be denied.  This immediately reduces Mr. Dally's number of hours worked to 35.75.

4

Regarding the remainder of Plaintiffs' request, the Court also agrees with Cyclone that this matter was not inordinately novel or complex. The simplicity and well-established nature of 28 U.S.C. § 1446(b)'s 30-day deadline is, in part, what lead the Court to grant Plaintiffs' request for fees and costs. Given the relatively routine nature of the dispute, Mr. Dally was unreasonable in spending 35.75 hours in responding to the Notice of Removal. In fact, as Mr. Dally's affidavit provides, he has over 30 years of experience in federal courts at both the trial and appellate levels. An attorney with Mr. Dally's experience should be sufficiently familiar with the laws regarding removal and federal jurisdiction to research and draft a motion for remand in less than 35.75 hours. This is not a case where a new associate lawyer needed to learn the law or facts of this case – both should have been known to Mr. Dally when he responded to the Notice of Removal. Moreover, the Notice of Removal and other papers relating to the Motion for Remand were not burdensome in length or complex in legal theory. Thus, the Court finds that 35.75 hours was too much for an attorney with 30 years experience to spend on the Motion for Remand and related briefs.

However, in arguing that Mr. Dally should have spent only ten hours, Cyclone underestimates the amount of time a reasonable attorney would spend in responding to the improper removal. The Court recognizes that a diligent attorney, even one with over 30 years of practice experience, should thoroughly investigate the opposition's papers and the relevant legal precedent and strive to produce competent and compelling work product; this investigation and drafting take time. Thus, on the basis of Mr. Dally's

experience and skill, facts of this case and settled nature of the law in this area, the Court finds 20 hours to be a reasonable amount of time for Mr. Dally to spend on the Motion for Remand and related work.

Turning the reasonableness of Mr. Dally's hourly rate, he has not submitted any evidence to establish the going market rate for an attorney of his caliber in the relevant market. Based on the Court's own knowledge and, more importantly, the uncontroverted evidence submitted by Cyclone, the Court agrees with Cyclone that an hourly rate of $400.00 appears unreasonably steep for the Denver legal market. Regardless of whether Mr. Dally has taken this matter on a contingency basis, the hourly rate for experienced personal injury litigators in the Denver market is more like $350 per hour than $400, and in Glenwood Springs, where Mr. Dally currently practices, the rate is undoubtedly even less. Accordingly, based on undisputed evidence and the Court's investigation into hourly billing rates in the Denver metro area, the Court will use $350 per hour to calculate the reasonable attorneys fees in this case.

Putting the reasonable number hours, 20, together with the reasonable hourly rate – $350.00 – the Court finds that $7,000.00 is a reasonable amount of attorneys fees in this matter.

Plaintiffs have also requested $160.31 in other expenses and costs – $109.60 in online legal research costs, $8.64 in court filing fees and charges and $52.07 in copying costs. However, Plaintiffs have not provided any factual support for these expenses. Because Plaintiffs have not supplied the Court with the evidence necessary to award

these costs, *e.g.,* invoices or statements, the Court will deny the additional costs requested.

Accordingly, for the reasons described above and in the Court's November 18, 2008 (Doc. # 32) and December 12, 2008 (Doc. # 38) Orders, it is hereby ORDERED that Plaintiffs are entitled to an award of attorneys fees in the amount of $7,000.00. Defendants Cyclone and Williams shall be jointly and severally liable for the amount of the attorneys fee award.

It is FURTHER ORDERED that Plaintiffs' Motion for Leave (Doc. # 44) is DENIED AS MOOT.

DATED:  January   22  , 2009

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge